UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONTINENTAL CASUALTY
COMPANY, et al.,

    Plaintiffs,

vs.                                                                     Case No. 8:08-CV-2372-T-27GW

FIRST FINANCIAL EMPLOYEE
LEASING, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant First Financial Employee Leasing, Inc.'s Motion to Stay Enforcement of the Parties' Respective Judgments Pending the Outcome of the Parties' Post-Verdict Motions for Attorney's Fees and Costs (Dkt. 175), to which Plaintiffs have responded (Dkt. 183). Upon consideration, the motion is CONDITIONALLY GRANTED.

Following the trial of this matter, judgment was entered on the jury's verdict on June 21, 2010 (Dkt. 155). The judgment awarded $1,104,857 to Plaintiffs and awarded $250,000 to Defendant on its counterclaim. Defendant seeks a stay of execution of the judgment on the grounds that (a) Defendant is likely to succeed in its pending motion for attorneys' fees and costs, which seeks $791,000 and if successful will substantially offset the current net judgment amount of $854,847, (b) Plaintiffs will likely recover only an insignificant amount of attorneys' fees and costs (not the $905,582 Plaintiffs requests), and (c) if a stay is not granted and Plaintiffs execute on the full amount of the judgment before resolution of the pending fee motions, Defendant is likely to cease operations or be rendered insolvent.

1

Rule 62(b) of the Federal Rules of Civil Procedure provides that, "[o]n appropriate terms for the opposing party's security," the court may stay the execution of a judgment or any proceedings to enforce a judgment pending disposition of postjudgment motions under Rules 50, 52(b), 59 and 60. Rule 62(b) is intended to protect the prevailing party's interest in the judgment while preserving the status quo. *Slip 'N Slide Records, Inc. v. TVT Records, LLC*, No. 05-cv-21113, 2007 WL 1098751, at *2 (S.D. Fla. April 8, 2007); *see also Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). Although the court has broad discretion to determine the "appropriate terms" on which a stay may be granted, "normally the party seeking a stay is required to post a bond sufficient to protect fully the prevailing party's interest in the judgment." *Lewis v. United Joint Venture*, No. 1:07-CV-639, 2009 WL 1654600, at *1 (W.D. Mich. June 10, 2009); *see also In re Apollo Group Inc. Sec. Litig.*, No. CV 04-2147-PHX-JAT, 2008 WL 410625, at *1 (D. Ariz. Feb. 13, 2008); *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996).

The burden is on the party requesting a stay to demonstrate why a bond should not be required under Rule 62(b). *Lewis*, 2009 WL 1654600 at *1. Defendant must show that, in the absence of standard security, Plaintiffs will be properly secured against the risk that Defendant will be less able to satisfy the judgment after disposition of the post-trial motions. *Slip 'N Slide*, 2007 WL 1098751, at *2 (citing *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (W.D. Pa. 1970)). If Defendant's ability to satisfy its obligations, now or in the future, is uncertain, execution of a judgment should not be stayed. *Slip 'N Slide*, 2007 WL 1098751, at *2.

Defendant has failed to demonstrate that Plaintiffs' interest in the judgment will be adequately protected absent a bond. Kirk Bennett, Defendant's Chief Financial Officer, avers that, if Plaintiffs immediately execute "on the full amount of its $1,104,857 judgment" Defendant will be unable to meet its monthly financial obligations and will cease operations. Dkt. 182 ¶ 7. This

averment tends to show that Defendant may be unable or less able to satisfy the judgment in the future. Furthermore, even if Defendant recovers the amount it expects to recover for attorneys' fees and costs, the net judgment amount appears likely to be substantial. In addition to the current net judgment amount of $854,847, and the $905,582 Plaintiffs seek in attorneys' fees and costs, Plaintiffs seek prejudgment interest in an amount in excess of $267,895. (Dkt. 156-1 at 6). Defendant does not address the likely affect of this request for prejudgment interest on the net judgment amount. For the foregoing reasons, the Court will grant Defendant's motion on the condition that Defendant posts a supersedeas bond sufficient to protect Plaintiffs' interest in the judgment.

Accordingly, Defendant's Motion to Stay Enforcement of the Parties' Respective Judgments Pending the Outcome of the Parties' Post-Verdict Motions for Attorney's Fees and Costs (Dkt. 175) is **CONDITIONALLY GRANTED**. Execution of judgment is stayed pending further order. Within **twenty (20) days** from the date of this Order, Defendant shall post a bond sufficient to secure payment of the net amount of the June 21, 2010 judgment plus postjudgment interest. If Defendant fails to comply, the stay will be lifted without further notice.

**DONE AND ORDERED** in chambers this 23rd day of December, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record